IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02712-BNB

THOMAS JOHN BEYLIK, SR.,

    Applicant,

v.

STATE OF COLORADO,
ASSOCIATE WARDEN MASINGAIL, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Thomas John Beylik is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. On November 12, 2009, Mr. Beylik, acting *pro se*, submitted to the Court an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the Application liberally because Mr. Beylik is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Mr. Beylik previously sought relief pursuant to 28 U.S.C. § 2254 in this Court regarding the same State of Colorado criminal conviction that he challenges in the

instant action. *See Beylik v. Leyba, et al.*, No. 09-cv-02785-ZLW (D. Colo. May 15, 2009). The prior § 2254 action was dismissed as time-barred under 28 U.S.C. § 2244(d). Therefore, the instant § 2254 action is a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Beylik must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

The claims Mr. Beylik asserts in this action, like the claims he asserted in his previous § 2254 action, are barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d). A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED for lack of jurisdiction and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Beylik has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this _15_ day of ____December____, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02712-BNB

Thomas John Beylik
Prisoner No. 127387
CMC/ACC - B
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk